UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS MONTGOMERY,<br><br>              Plaintiff,<br><br>   v.<br><br>JAMES RISEN, HOUGHTON MIFFLIN HARCOURT PUBLISHING CO., HMH HOLDINGS, INC.,<br><br>              Defendants. | No. _____<br><br>MOTION TO COMPEL COMPLIANCE WITH SUBPOENA<br><br>NOTED ON MOTION CALENDAR: Friday, December 25, 2015 |

## I.    INTRODUCTION AND RELIEF REQUESTED

Defendants James Risen, Houghton Mifflin Harcourt Publishing Company and Houghton Mifflin Harcourt Company, improperly sued as HMH Holdings, Inc., (collectively, "Defendants") respectfully request that the Court compel third party Istvan Andras Burgyan to produce documents and provide oral testimony in compliance with a subpoena that Defendants served on Mr. Burgyan on November 5, 2015. Defendants' subpoena seeks information relevant to litigation pending in the U.S. District Court for the Southern District of Florida that Burgyan's father-in-law, Dennis Montgomery ("Plaintiff"), brought against Defendants, Case. No. 15-CV-20782-Martinez/Goodman. Burgyan has objected to Defendants' subpoena – offering only cursory and conclusory claims of failure of service and lack of relevance. He

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 1
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

refuses to comply with the subpoena. This Court should compel Burgyan's compliance because: (1) Defendants properly served the subpoena and (2) the subpoena seeks information directly relevant to the litigation.

## II.   STATEMENT OF FACTS

### 1.   The Nature of the Underlying Litigation.

Plaintiff Dennis Montgomery brought an action alleging libel and related tort claims against Pulitzer Prize-winning author James Risen and the other defendants arising from statements in Chapter 2 of Mr. Risen's book, *Pay Any Price: Greed, Power, and the Endless War*. *See* Declaration of Micah Ratner, ¶ 2, Ex. A (Am. Compl.). *Pay Any Price* is a nine-chapter book that describes how the war on terror led to waste, fraud, and abuse by U.S. government officials and the contractors who stood to gain from it.

Chapter 2 of the book, titled "The Emperor of the War on Terror," focuses on how, after the terrorist attacks of September 11, 2001, government officials were willing to accept any intelligence – no matter how suspect – that might prevent the next terrorist attack. *Id.* ¶ 3. The book reports allegations that Montgomery perpetrated a fraud on the federal government by offering it intelligence gleaned from bogus software – allegations widely published in articles as far back as 2008 that have never previously been challenged in a libel claim. *Id.* Risen recounted Montgomery's involvement with two businesses that were contractors to the federal government, eTreppid and Blxware. Those companies were based in Nevada and Bellevue, Washington, respectively.[1] For the chapter, Risen interviewed Montgomery by phone and email while Montgomery lived in California and/or Washington. Montgomery was a resident of Washington at the time Risen's book was published in October, 2014. *Id*.

### 2.   Burgyan's Relationship to the Underlying Litigation.

Burgyan possesses knowledge and documents related to several issues critical to this litigation. Indeed, Montgomery listed Burgyan as a trial witness when the parties exchanged final witness lists on August 12, 2015. *See* Ratner Decl., ¶ 5, Ex. E (Witness List).

---

[1] *See* (https://delecorp.delaware.gov/tin/controller, last visited May 12, 2015).

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 2
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*First*, Burgyan worked with Montgomery for several years at Blxware.  Ratner Decl., ¶ 6, Ex. F (LinkedIn.com profile published under the name Istvan Burgyan)[2] and Ex. G (Transcript of Deposition of Dennis Montgomery) 26:5-7.  Therefore, Burgyan has information regarding the operation and performance of the software that Blxware provided to the government – issues central to Montgomery's libel claim.  *Id*.  *See* Ex. A (Am. Compl.).

*Second*, Burgyan has information regarding the location of Montgomery's residency, a question at the core of several crucial matters at issue in the litigation, including personal jurisdiction, choice of venue, choice of law, and calculation of any damages.  Montgomery has claimed he is domiciled in Florida, apparently based on the fact that he registered to vote there, via mail from Washington, *one day* before he filed the lawsuit.  *See id*., Ex. A (Am. Compl.) and Ex. B (Montgomery Dep.) at 44:10-11.  However, Defendants' research and discovery reveal that Montgomery lives in Washington.  *See id*., ¶ 4, Ex. C (Defs.' Mot. to Dismiss or Transfer) at 2, 6-8, 16, 18, 23-24; and Ex. D (Defs.' Notice of Supplemental Authority Concerning Defs.' Mot. to Dismiss) at 2-5.  In a deposition on August 20, 2015, Montgomery acknowledged that although he claims to be domiciled in a rented room in Florida, he has never slept there or paid rent for the room.  *See id*., Ex. B (Excerpts of Montgomery Dep.) at 17:10-19:25.  Moreover, Burgyan's objection to Defendants' subpoena indicates Montgomery lives with Burgyan in Sammamish, where Burgyan purportedly provides Montgomery with daily care.  In objecting to the subpoena served at Burgyan's Sammamish home, Burgyan said by facsimile delivered November 16, 2015:

> I am objecting to your attempt to subpoena me on the basis of ***insufficiency of service of process and relavancy*** [sic].  Based on those objections, I will not appear.
>
> ***I am the primary caregiver for my father in law***; who was recently hospitalized with a concussion; and is still recovering from a stroke.  He requires 24 care.

*Id*. ¶ 18, Ex. R (Objection) (emphases added).

---

[2] Information that Burgyan published about himself is an admissible admission by a party, not hearsay.  *See Momah v. Bharti*, 144 Wn. App. 731, 750 (2008), as amended (July 3, 2008); *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1109 (D. Or. 2000).

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 3
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Third*, Burgyan has information about Montgomery's health and physical condition. In his lawsuit, Montgomery asserts that Risen's book aggravated Montgomery's existing health issues. *Id.*, Ex. A (Am. Compl.). In his subpoena objection, Burgyan claims he is Montgomery's "primary caregiver." *Id.*, Ex. R. As Montgomery's caregiver, Burgyan can provide material information related to Montgomery's claimed injuries.

*Fourth*, Burgyan has information about Montgomery's potential work opportunities, particularly in Florida – a matter important to assessing both jurisdiction and damages. Montgomery has claimed he has "multiple and ongoing business dealings" within Florida. *See Id.*, Ex. A (Am. Compl.) ¶ 13, and that Burgyan helped Montgomery in these efforts. *Id.,* Ex. B (Montgomery Dep.) at 46:22-47:6. Discovery has established he has no such dealings – and certainly has not any alleged injury in Florida to which the book might have caused calculated harm. *See id..*, ¶ 4, Ex. D (Defs.' Notice of Supplemental Authority).

### 3. Burgyan Attempted to Evade Service of the Subpoena.

Burgyan has repeatedly attempted to evade service, as reflected in affidavits by process servers and the recent findings of the District Court in Florida.

Defendants initially asked Montgomery's counsel, Larry Klayman, to accept service on Burgyan's behalf. Ratner Decl. ¶ 7, Ex. H (Sept. 18 email to Klayman). In his witness list, Montgomery had provided the address of Klayman's District of Columbia office as Burgyan's contact address. Ratner Decl., Ex. E (Witness List, identifying Burgyan's address as "c/o 2020 Pennsylvania Ave., #800, Washington, DC 20006."). Klayman refused. *Id.* ¶ 7.

Defendants attempted to personally serve Burgyan on October 9, 2015, at his condo in Sammamish. *Id.* ¶ 8, Ex. I (Aff. of Non-Service). A blonde-haired woman about 35 to 45 years of age answered the door and told the process server that he had the wrong address. *Id.* The process server later determined, after studying photographs of Burgyan and his family published to a public website, that the woman mostly likely was Burgyan's wife and Montgomery's daughter, Kathleen. On October 14, 2015, Defendants again asked Klayman via email on to accept service on Burgyan's behalf. Klayman again refused. *Id.* ¶ 9. Ex. J (Oct. 14

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 4
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

email to Klayman). On October 22, 2015, the process server again repeatedly tried to serve the subpoena at Burgyan's Sammamish home. For example, during one visit, although the light was on, no one answered the door. *Id.*, ¶ 11, Ex. K (Aff. of Non-Service).

On October 23, 2015, another process server again attempted to serve Burgyan at the Sammamish home. Ratner Decl., ¶ 12, Ex. I (Aff. of Service). Kathleen Burgyan answered the door and spoke in an apparently fake French accent. *Id.* After the server showed her a photograph of the family Defendants had obtained from a public website, Burgyan confirmed her identity and Peterson left the subpoena. Several days later, Klayman accused Defendants' counsel by email of harassing Montgomery's family – despite Klayman's prior insistence he did not represent Burgyan and refusal to accept process on their behalf. Ratner Decl. ¶ 13, Ex. M (email).

On November 2, 2015, Defendants received a facsimile cover sheet that contained cursory objections to the subpoena. The cover sheet reads, in part: "I am objecting to your attempt to subpoena me on the basis of insufficiency of service of process and relavancy [sic]. Based on these objections, I will not appear." *See* Ratner Decl.¶ 14, Ex. N (Nov. 2 Objection).

On November 4, 2015, Klayman alleged in a Florida court that Defendants had harassed the Burgyans while serving the subpoena; Klayman asked the judge to sanction the Defendants accordingly. Magistrate Judge Jonathan Goodman rejected the request – noting that the Burgyans had apparently relied on subterfuge to evade service.

> I am not going to issue that request at all because, quite frankly, . . . it sounds like your client's son-in-law, or perhaps I should say his daughter, was involved in some fairly blatant dramatic efforts to avoid service, to evade service such as adopting a phony French accent and denying that this was, in fact, her house, et cetera.

*See* Ratner Decl. ¶ 15, Ex. O (transcript of Discovery Hearing Proceedings 32:23-35, 33:1-4).

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 5
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### 4. Service of the Newly Issued Subpoena on Burgyan

On November 4, 2015, Defendants issued a new subpoena to Burgyan noticing the deposition and date to produce documents for 9 a.m. on November 19, 2015, at Defendants' counsel's Seattle office. *See* Ratner Decl. ¶ 16, Ex. P (Nov. 4 Subpoena).

On November 5, 2015, Defendants' process server personally served on Burgyan the subpoena and witness fee of $50.35. *See* Ratner Decl. ¶ 17, Ex. Q (Aff. of Service). The process server stated:

> [A]t 7:17 A.M. on November 5th, 2015, at 4425 Issaquah Pine Lake Road Southeast, Unit A-31, Sammamish, Washington, I duly served the above-described documents in the above-described matter upon Istvan Andras Burgyan, by then and there personally delivering a true and correct copy thereof by leaving the same with John Doe, believed to be Istvan Andras Burgyan, also known as Ish, being a Caucasian male, approximately 35 to 40 years old, 6'1, and 180 to 200lbs.

*Id.* The process server had the photographs the Burgyan. *Id.* at 3.[3] The process server "observed Istvan Burgyan and his family, who all matched the photographs I had, exit the residence and walk toward a white SUV." *Id.* at 1. The server, "walked up and asked, 'Ish?' to which John Doe replied, 'Huh?' and turned to face" the process server. *Id.* "Once he saw the documents in [the process server's] hand he stated, 'That's not me,' and his wife immediately and simultaneously said the same." *Id.* The process server "stated that these documents were for him and placed the documents on the roof of the white SUV." *Id.*

### 5. Defendants Have Attempted to Meet and Confer with Burgyan.

Burgyan has refused to comply with both of the subpoenas Defendants served (on October 23, 2015, and November 5, 2015). Burgyan objected to each subpoena (on November 2, 2015, and November 16, 2015, respectively) alleging insufficient service and lack of relevance. Ratner Decl. ¶¶ 14, 18; Exs. N, R.

On December 4, 2015, counsel for Defendants sent Burgyan an email requesting a Civil Rule 37(a)(1) discovery conference to discuss his objections. *Id.*¶ 19, Ex. S (Letter to Burgyan). In the letter, Defendants notified Burgyan that Defendants would file on

---

[3] The photograph of Burgyan's family is redacted to cover the picture of the minor child.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 6
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

December 7, 2015, a motion to compel discovery responses, unless Burgyan first agreed to a meet-and-confer conference. *Id*. Burgyan. *Id*., .¶ 20, Ex. T (Email from Burgyan). On December 7, 2015, Burgyan refused to confer, responding via facsimile that he "object[ed]" to the request for a meet and confer. "I am objecting to your letter . . . . Your demands I appear to for [sic] a deposition is nothing more than harassment to me and my family. It is my understanding discovery was closed in the Risen matter on November 19, 2015. Your threat to take me to court appears to be baseless." *Id*.,¶ 20, Ex. V (Objection).

Defendants sent Klayman a copy of their meet-and-confer letter to Burgyan. In response, Klayman sent Defendants' counsel an email that reiterated that he does not represent Burgyan. He also challenged the propriety of Defendants' actions. Ratner Decl.¶ 20, Ex. T (Email from Burgyan).

Discovery in this litigation closed on November 19, 2015. The subpoena against Burgyan is one of two discrete avenues of discovery that Defendants continue to pursue – both of which were noticed and served ***before*** the discovery deadline. *See id.* ¶ 21, Ex. U (Defs.' Response in Opposition to Pl.'s Mot. for Ext. of Time to Reset Discovery Deadline). As explained above, both Montgomery's counsel and Burgyan attempted to obstruct service on Burgyan. (The other concerns a subpoena Defendants served November 5, 2015, on the U.S. Department of the Air Force to obtain documents relevant to this action. The USAF has informed Defendants that, in accordance with federal law, it is determining whether it may produce the information requested.)[4]

---

[4] Plaintiff has moved to broadly extend the discovery deadline to December 19, 2015; Defendants oppose the motion. *See* Ratner Decl. ¶ 21, Ex. R (Defs.' Response in Opposition to Pl.'s Mot.). Defendants argue Plaintiff fails to demonstrate good cause because Plaintiff seeks an extension purportedly to: (1) obtain records hidden by his own spoliation, in violation of numerous court orders, *id*. at 2-6; (2) move to compel compliance with a non-party subpoena where a judge has already denied such a motion for that subpoena, *id.* at 7; and (3) move to compel compliance with three other non-party subpoenas that is already subject to an order narrowing the scope of discovery, *id.* at 7-8. Defendants do not object to completion of the latter category of discovery, but have opposed a broader extension of the discovery deadlines.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 7
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### III.     STATEMENT OF ISSUES

Should the Court compel Mr. Burgyan to produce oral testimony and documents in response to the subpoena Defendants issued on November 4, 2015, and served on Burgyan on November 5, 2015?

### IV.     EVIDENCE RELIED UPON

Defendants rely upon the Declaration of Micah Ratner and exhibits attached thereto, as well as all papers and pleadings on file in the U.S. District Court for the Southern District of Florida.

### V.     ARGUMENT AND AUTHORITY

Under the Federal Rules, Burgyan bears the burden to establish that this court should bar discovery into his documents and information, as well as "the burden of clarifying, explaining, and supporting [his] objections." *Safouane v. Hassett*, 2009 WL 927726, at *2 (W.D. Wash. Apr. 1, 2009) (quoting *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)). Burgyan cannot meet his burden.

#### A.     Defendants Properly Served the Subpoenas.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance and service of subpoenas in federal district court. Fed. R. Civ. P. 45(b). A subpoena may properly be served by "[a]ny person who is at least 18 years old and not a party."

Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law. A subpoena may be served at any place within the United States. Fed. R. Civ. P. 45(b).

Here, as explained above, the service of process was perfectly proper – notwithstanding Burgyan's attempts to undermine service. The process server delivered a copy of the subpoena to Burgyan, who matched photographs bearing his name, along with a check tendering the fees and mileage reimbursement. Ratner Decl. ¶ 17, Ex. Q (Aff. of Service).

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 8
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### B.  Defendants Seek from Burgyan Documents and Information Relevant to this Litigation.

A non-party witness is subject to the same scope of discovery under Fed. R. Civ. P. 45 as that person would be as a party to whom a request is addressed pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34.  *See Myhrvold v. Lodsys Grp., LLC*, No. C13-1173RAJ, 2013 WL 5488791, at *2 (W.D. Wash. Sept. 27, 2013) ("[The] general discovery limitations apply with equal force to subpoenas to third parties."); *Emara v. Multicare Health Sys.*, No. 3:11-CV-6055-RBL, 2012 WL 5205950, at *3 (W.D. Wash. Oct. 22, 2012) (applying Rule 26 to subpoenas issued under Rule 45); *Simplex Mfg. Co. v. Chien*, No. C12-835RAJ, 2012 WL 3779629, at *1 (W.D. Wash. Aug. 31, 2012).

The scope of discovery encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  That includes "any non-privileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1);[5] *Emara v. Multicare Health Sys.*, No. 3:11-CV-6055-RBL, 2012 WL 5205950, at *3 (W.D. Wash. Oct. 22, 2012). The party issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on the subpoena's target.  Fed. R. Civ. P. 45(c)(1).  But the party opposing the subpoena bears the burden of showing that it is unduly burdensome. *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).  A district court has wide latitude in controlling discovery.  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir.2006). A

---

[5] As of December 1, 2015, amendments to Federal Rule of Civil Procedure 26(b)(1) took effect providing:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the party's resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Court does not need to determine whether pre- or post-amendment standard applies here because the discovery sought is plainly relevant under either standard.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 9
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

motion to compel should be granted if the information sought is relevant. *Rockhill v. Jeude*, No. 2:011-CV-01308 BJR, 2012 WL 2924049, at *3 (W.D. Wash. July 18, 2012) (citing Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2286 (1994)).

Here, as explained above, Burgyan's knowledge and experiences are potentially directly relevant to several critical issues in this litigation.

*First*, Montgomery listed Burgyan as a potential trial witness when the parties exchanged final witness lists on August 12, 2015.  Defendants have a right to conduct discovery on Burgyan's knowledge if Montgomery is reserving the right to call Burgyan as a witness. *See Jones v. City of Seattle*, 179 Wn.2d 322, 349, 314 P.3d 380, 393 (2013), as corrected (Feb. 5, 2014).

*Second*, Burgyan's experience at Blxware could shed light on key issues in this litigation, including the performance and operation of the purported software Montgomery and Burgyan worked on at Blxware, whether the software ever existed or existed at one time, and where copies of the software are located.

*Third*, Burgyan can provide critical information regarding the location of Montgomery's residence, which is relevant to several crucial matters, including choice of law and damages.  Defendants have challenged Montgomery's claim that he is domiciled in Florida and argue that, as a result: (1) the federal court in Florida lacks personal jurisdiction over Risen; and (2) the Florida court is not a proper or convenient venue for the litigation. *See id*. ¶ 4, Ex. C (Defs.' Mot. to Dismiss or Transfer) at 2, 6-8, 16, 18, 23-24; and Ex. D (Defs.' Notice of Supplemental Authority Concerning Defs.' Mot. to Dismiss) at . 2-5.  That challenge is pending before the District Court in Florida.

*Fourth*, Burgyan could provide important information regarding Montgomery's claims that Risen's book impaired Montgomery's health.  In his complaint, Montgomery claims Risen's book aggravated Montgomery's existing medical issues.  Ratner Decl., Ex. A (Am. Compl.).  As explained above, Burgyan claims he is Montgomery's "primary caregiver."  As

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 10
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

his caregiver, Burgyan could provide material information about Montgomery's health and physical condition.

*Finally*, Burgyan can testify about Montgomery's alleged work opportunities, particularly in Florida, which Montgomery testified Burgyan was helping him explore. *Id.,* Ex. B (Montgomery Dep.) at 46:22-47:6. That information could have implications for assessing both personal jurisdiction and any damages. Discovery has undercut Montgomery's claims he has real "multiple and ongoing" business dealings in Florida or tangible business opportunities in Florida, much less connections to state an allegation of injury in Florida. *Id*., Ex. D (Defs.' Notice of Supplemental Authority) at 2. Without that connection or any other material connection to Florida, Plaintiff cannot establish personal jurisdiction over Risen or the holding company defendant Houghton Mifflin Harcourt Company. *Id.* And business opportunities, or the lack thereof, at the time of publication in October 2014 will test Montgomery's claim that the book caused him damage.

### C. The Federal Rules Authorize This Court to Enforce the Subpoena.

This Court is empowered to enforce the subpoenas against Burgyan. The Federal Rules direct that subpoenas must be issued "from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). The district court for the district where compliance is sought is empowered to enforce such subpoenas. "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(b)(1). Accordingly, it is proper for this Court to enforce Defendants' properly-served subpoena.

### VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this Motion to Compel Burgyan to comply with the subpoena and order Burgyan to (1) appear at a deposition to give oral testimony and (2) provide documents responsive to Defendants' subpoena.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 11
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1 | DATED this 7th day of December, 2015.

2 |                                                 Davis Wright Tremaine LLP
Attorneys for Defendants

By //Angela Galloway//ss
    Angela Galloway WSBA #45330
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Telephone: (206) 757-8274
    Fax: (206) 757-7274
    E-mail: angelagalloway@dwt.com

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 12
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington that on this day I caused a copy of the foregoing Motion to be served upon the following counsel of record:

| | | |
|---|---|---|
| Istvan Burgyan | (X) | By U. S. Mail |
| 4425 Issaquah Pine Lake Road Southeast | ( ) | By E-Mail |
| Apt. A31 | ( ) | By Facsimile |
| Sammamish, WA 98075-6255 | ( ) | By Messenger |

*Nonparty Respondent*

| | | |
|---|---|---|
| Larry Klayman | (X) | By U. S. Mail |
| KLAYMAN LAW FIRM | (X) | By E-Mail |
| 2520 Coral Way Suite 2027 | ( ) | By Facsimile |
| Miami, FL 33145 | ( ) | By Messenger |
| leklayman@gmail.com | | |

*Attorney for Plaintiff*

| | | |
|---|---|---|
| Brian Toth | (X) | By U. S. Mail |
| Sanford Lewis Bohrer | (X) | By E-Mail |
| HOLLAND & KNIGHT LLP | ( ) | By Facsimile |
| 701 Brickell Avenue, Suite 3300 | ( ) | By Messenger |
| Miami, Florida 33131 | | |
| sandy.bohrer@hklaw.com | | |
| brian.toth@hklaw.com | | |

*Attorney for Defendants*

DATED this ___ day of December, 2015.

Davis Wright Tremaine LLP

By _____
Devra Slaughter
Legal Assistant
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: 206.757.8809
Fax: 206.757.7700
Email: devraslaughter@dwt.com

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA - 13
DWT 28397633v4 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax