The Honorable Judge Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS MONTGOMERY,<br><br>            Plaintiff,<br><br>   v.<br><br>JAMES RISEN, HOUGHTON MIFFLIN HARCOURT PUBLISHING CO., HOUGHTON MIFFLIN HARCOURT CO.,<br><br>            Defendants. | No. 2:15-CV-01955-JLR<br><br>REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA<br><br>NOTED ON MOTION CALENDAR: Friday, December 25, 2015 |

## I.  INTRODUCTION

Third-party Istvan Andras Burgyan did not file an opposition to Defendants' Motion to Compel Compliance with Subpoena ("Motion to Compel") within the time prescribed by the Local Rules. The Court should consider his failure "an admission that the motion has merit." Local Rule, W.D. Wash. 7(b)(2). Moreover, Plaintiff Dennis Montgomery's[1] response to Defendants' Motion to Compel is improper because: (1) Plaintiff lacks standing to challenge a

---

[1] Plaintiff filed *pro se* even though he is represented by counsel, Larry Klayman, in the underlying action. Mr. Klayman has not sought to appear in this action in this court. *Daly v. Far E. Shipping Co. PLC.*, 238 F. Supp. 2d 1231, 1235-36, 1241 (W.D. Wash. 2003) (noting that other courts have revoked Mr. Klayman's *pro hac vice* status and his "contentions regarding the conduct and demeanor of this Court are bizarre and without merit."), *aff'd sub nom. Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476 (9th Cir. 2004).

REPLY IN SUPPORT OF MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA - 1
DWT 28610074v2 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

subpoena issued to a third-party; (2) Plaintiff's argument about alleged untimeliness is incorrect, not credible and would result in unfairness; and (3) Plaintiff's argument that Defendants somehow harassed him ignores that the magistrate judge in the underlying action already found this assertion wholly lacked merit. Therefore, the Court should strike Plaintiff's response and grant Defendants' Motion to Compel.

## II.     ARGUMENT

### A.     The Court Should Grant the Motion to Compel Because the Non-Party Failed to File an Opposition

Burgyan, the subject of the subpoena and motion, failed to file an opposition by December 21, 2015, the deadline to do so under the Local Rules. Local Rule, W.D. Wash. 7(d)(3). When, as here, one "fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule, W.D. Wash. 7(b)(2). Given the meritorious arguments raised in the motion, and Burgyan's decision not to respond, the Court should grant the motion. *See, e.g., Munro v. King Broad. Co.*, No. C13-1308JLR, 2014 WL 1089347, at *2 (W.D. Wash. Mar. 18, 2014) ("[T]he court treats King's failure to respond as an admission that this motion has merit. . . . King undoubtedly had notice of this pending motion, but chose not to respond to it."); *United States v. Zabel*, No. C07-0543-JCC, 2007 WL 2572329, at *1 (W.D. Wash. Sept. 6, 2007) (holding Plaintiff's motion meritorious where defendant failed to file papers in opposition to the motion); *Wilks v. Leimbach*, No. C06-871-JLR, 2008 WL 1803770, at *1 (W.D. Wash. Apr. 21, 2008) ("Because plaintiff has failed to respond to this motion, it is treated as uncontested motion pursuant to Local Rule CR 7(b)(2).")

### B.     Plaintiff Lacks Standing to Oppose the Motion to Compel.

In addition, this Court should strike Plaintiff's response brief opposing Defendants' Motion to Compel because Plaintiff lacks standing to challenge the subpoena. "Generally, a party lacks standing to challenge a subpoena issued to a nonparty, or third party, unless the party making the challenge claims a personal right or privilege with respect to the discovery

REPLY IN SUPPORT OF MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA - 2
DWT 28610074v2 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

sought in the subpoena." *TMP Worldwide Advert. & Commc'ns, LLC v. LATCareers, LLC*, No. C08-5019 RBL, 2008 WL 5348180, at *1 (W.D. Wash. Dec. 16, 2008); *Channel Constr., Inc. v. Northland Servs., Inc.*, No. C14-1231-JCC, 2015 WL 778090, at *4 (W.D. Wash. Feb. 24, 2015); *Bite Tech, Inc. v. X2 Impact, Inc.*, No. C12-1267RSM, 2013 WL 195598, at *3 (W.D. Wash. Jan. 17, 2013) ("Typically only a subpoena's recipient has standing to challenge the subpoena in the issuing court. . . . However, a party may move to quash or modify third party subpoenas when its own privacy interests may be implicated.") (internal citations omitted); *Erickson v. Microaire Surgical Instruments LLC*, No. C08-5745BHS, 2010 WL 1881946, at *2 (W.D. Wash. May 6, 2010).

Here, Plaintiff does not even argue, let alone establish, that the subpoena implicates his right or privilege. Nor could he do so since Plaintiff put Burgyan on his final witness list. Defendants' Motion to Compel Compliance with Subpoena ("Defs.' Mot. to Compel") at 2:25-26. Therefore, he lacks standing to challenge the subpoena. Accordingly, this Court should strike Plaintiff's brief. *See* Local Rule, W.D. Wash. 7(g) ("Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion.").

### C. Defendants' Motion to Compel Is Timely Under the Rules.

Even if the Court were to consider Plaintiff's opposition, the Court should reject it on the merits. In his opposition brief, Plaintiff suggests – without citing legal authority – that Defendants' Motion to Compel is untimely even though it is undisputed that Defendants served the subpoena within the discovery period and the date noticed for the deposition was within the discovery period as well. *See* Plaintiff's Response to Defendants' Motion to Compel ("Pl.'s Resp.") at 2:18-27. The argument is incorrect, not credible, and, if applied, would be unfair here.

*First*, the Local Rules of civil procedure expressly exempt miscellaneous actions, such as this one, from deadlines to move to compel under the Local Rules and discovery deadlines

REPLY IN SUPPORT OF MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA - 3
DWT 28610074v2 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

imposed under Fed. R. Civ. P. 16(b). *See* Local Rule, W.D. Wash. 16(b)(5) ("The court exempts certain types of cases from the requirements of this local rule and of Fed. R. Civ. P. 16(b), including . . . cases filed as miscellaneous matters before this court.").

*Second*, Plaintiff cannot credibly suggest Defendants' motions are untimely. Indeed, he has asked the district court in the underlying action to extend the deadline for all discovery, and has done so in part to seek to compel third parties to sit for depositions after the close of discovery in the U.S. District Court for the Southern District of New York. *See* No. 15-mc-00363-P1 (S.D.N.Y.); Defs.' Mot. to Compel at n.4.

*Third*, as a matter of fairness, Burgyan should not be allowed to avoid complying with the subpoena by simply evading service until the discovery clock runs out. *See* Defs.' Mot. to Compel at 4:14-5:24. Neither Burgyan nor Plaintiff disputes that: Defendants repeatedly tried to serve the subpoena on Burgyan starting two months before the discovery deadline; Burgyan and his family went to "fairly blatant dramatic" lengths to avoid being served; and Burgyan waited until November 16 – a mere three days before the discovery deadline and the deposition – to object and make clear he would not show up. *Id.* 4:14-7:20. Such evasion of service can constitute contempt of court, *see, e.g., Tilghman v. A.P. Elec. Const., Inc.*, No. CIV. A. 88-4363, 1990 WL 18697, at *1 (E.D. Pa. Feb. 26, 1990), and should not be condoned, let alone rewarded.

For these reasons, this Court should reject Plaintiff's argument that Defendants' Motion to Compel is untimely.

### D. The Magistrate Judge in the Underlying Litigation Has Already Rejected Plaintiff's Unfounded Argument About Alleged Harassment.

Finally, Plaintiff's opposition brief claims Defendants' subpoena constitutes harassment. *See* Pl.'s Resp. at 3:1-6. Plaintiff's brief fails to address – or even acknowledge – that the magistrate judge in the underlying action has already rejected that claim as wholly unfounded. *See* Defs.' Mot. to Compel at 5:16-24. If anything, the Court found, it was

REPLY IN SUPPORT OF MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA - 4
DWT 28610074v2 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  Burgyan and his family who acted improperly by attempting to evade service. *Id.* Accordingly, this Court should compel compliance with the subpoena.

### III.   CONCLUSION

Based on the foregoing and the Motion to Compel, Defendants respectfully request that the Court deem the motion meritorious given Burgyan's failure to respond, strike Plaintiff's opposition brief, grant Defendants' Motion to Compel Burgyan to comply with the subpoena, and order Burgyan to: (1) appear at a deposition to give oral testimony and (2) provide documents responsive to Defendants' subpoena.

DATED this 24th day of December, 2015.

        Davis Wright Tremaine LLP
        Attorneys for Defendants

        By s/Angela Galloway
           Angela Galloway WSBA #45330
           1201 Third Avenue, Suite 2200
           Seattle, WA  98101-3045
           Telephone: (206) 757-8274
           Fax: (206) 757-7274
           E-mail: angelagalloway@dwt.com

REPLY IN SUPPORT OF MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA - 5
DWT 28610074v2 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**DECLARATION OF SERVICE**

I hereby declare under penalty of perjury under the laws of the State of Washington that on this day I caused a copy of the foregoing Motion to be served upon the following counsel of record:

| | | |
|---|---|---|
| Istvan Burgyan<br>4425 Issaquah Pine Lake Road Southeast<br>Apt. A31<br>Sammamish, WA 98075-6255 | (X)<br>( )<br>( )<br>( ) | By U. S. Mail<br>By E-Mail<br>By Facsimile<br>By Messenger |

*Nonparty Respondent*

| | | |
|---|---|---|
| Larry Klayman<br>KLAYMAN LAW FIRM<br>2520 Coral Way Suite 2027<br>Miami, FL 33145<br>leklayman@gmail.com | (X)<br>(X)<br>( )<br>( ) | By U. S. Mail<br>By E-Mail<br>By Facsimile<br>By Messenger |

*Attorney for Plaintiff*

| | | |
|---|---|---|
| Brian Toth<br>Sanford Lewis Bohrer<br>HOLLAND & KNIGHT LLP<br>701 Brickell Avenue, Suite 3300<br>Miami, Florida 33131<br>sandy.bohrer@hklaw.com<br>brian.toth@hklaw.com | (X)<br>(X)<br>( )<br>( ) | By U. S. Mail<br>By E-Mail<br>By Facsimile<br>By Messenger |

*Attorney for Defendants*

DATED this 24th day of December, 2015.

Davis Wright Tremaine LLP

By /s/ Devra Slaughter
Devra Slaughter
Legal Assistant
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: 206.757.8809
Fax: 206.757.7700
Email: devraslaughter@dwt.com

REPLY IN SUPPORT OF MOTION TO
COMPEL COMPLIANCE WITH SUBPOENA - 6
DWT 28610074v2 0096293-000009