**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DENNIS MONTGOMERY,<br><br>       Plaintiff,<br>v.<br><br>JAMES RISEN, ET. AL.<br><br>       Defendant. | No. 15-cv-1922<br><br>[Pending in the Southern District of Florida, Case 15-20782-CIV]<br><br>**SUPPLEMENT TO DENNIS MONTOGEMERY'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA** |

Dennis Montgomery, Plaintiff in the action *Montgomery v. Risen,* No. 15-cv-20782-JEM (S.D. Fla. filed Feb. 24, 2015) (the "Underlying Action"), hereby files this supplement to his response to Defendants James Risen, Houghton Mifflin Harcourt Publishing Company ("HMH"), and Houghton Mifflin Harcourt Company ("HMHC")'s Motion To Compel Compliance With Subpoena (the "Motion to Compel"). The Motion to Compel seeks an order directing Plaintiff's son-in-law, Istvan Andras Burgyan, to comply with a subpoena (the "Subpoena") that purports to require Burgyan to sit for a deposition and to produce documents.

Defendants allege that their motion was timely. However, this is simply untrue as it was filed after the close of discovery. Discovery in the Underlying Action ended on November 19, 2015. This Motion to Compel was not filed until December 7, 2015, well after the discovery deadline had passed. Defendants had the opportunity to file this Motion to Compel at any moment after they received Mr. Burgyan's facsimiles on November 16, 2015.

Courts within the Ninth Circuit strictly adhere to the notion that a discovery motion must be filed before the close of discovery. In *Rogers v. Brauer Law Offices, PLC*, 2011 U.S. Dist. LEXIS 93905, 12-15 (D. Ariz. Aug. 22, 2011), the U.S. District Court for the District of Arizona examined relevant rulings throughout the Ninth Circuit. As the Court held:

> Affirming the importance of a scheduling order, numerous courts within the Ninth Circuit have denied discovery motions filed after the close of discovery. *Kizzee v. Walmart, Inc*., 2011 U.S. Dist. LEXIS 90898, 2011 WL 3566881, * 1 (D.Ariz., August 15, 2011) (motion to compel discovery made more than three months after the discovery deadline denied as untimely); *Skinner v. Ryan*, 2010 U.S. Dist. LEXIS 122695, 2010 WL 4602935 (D.Ariz., Nov. 5, 2010) (motion to compel filed over a month after the deadline for bringing discovery disputes to the court's attention denied as untimely); *Christmas v. MERS*, 2010 U.S. Dist. LEXIS 79137, 2010 WL 2695662 (D.Nev., July 2, 2010) (motion to compel filed after the deadline for discovery and dispositive motions untimely); *Oliva v. National City Corp.*, 2010 U.S. Dist. LEXIS 56362, 2010 WL 1949600 (D.Nev., May 12, 2010) (motion to compel discovery filed two months after close of discovery denied as untimely); *Gault v. Nabisco Biscuit Co*., 184 F.R.D. 620, 622 (D.Nev. 1999)

(motion to compel filed 136 days after defendant's initial responses and close of discovery was untimely).

In *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397 (N.D.Tex. 2006), a motion to compel discovery filed two weeks after an extended discovery deadline expired was denied as untimely. In an comprehensive analysis of cases throughout the federal judiciary, the district court concluded that numerous "courts generally looked to the deadline for completion of discovery in considering whether a motion to compel has been timely filed[,]" citing, among many others, *Packman v. Chicago Tribune Co*., 267 F.3d 628, 647 (7th Cir. 2001) (finding no abuse of discretion in denying a motion to compel discovery filed after discovery closed and defendants had filed their summary judgment motion); *Rossetto v. Pabst Brewing Co.,* 217 F.3d 539, 542 (7th Cir. 2000) (finding no merit to contention that district court's denial of discovery motion was error where the motion was filed two months after the date set by the court for the completion of discovery and plaintiffs gave no excuse for tardiness); Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed after discovery closed and summary judgment motion was filed); *Ginett v. Federal Express*, 166 F.3d 1213, 1998 WL 777998, at * 5 (6th Cir. 1998) (Table) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline); *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited  more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court").

*Id.* Thus, it is clear that the black-letter law throughout the federal courts is that discovery motions must be filed prior to the deadline for the close of discovery. This Court, the U.S. District Court for the Western District of Washington, has also held that discovery motions must be filed before the discovery deadline. In *Affiliated FM Ins. Co. v. LTK Consulting Servs.*, 2012 U.S. Dist. LEXIS 73249 (W.D. Wash. May 25, 2012), the Court held:

> [Plaintiff] brought its motion after the deadline set by the court for bringing such motions had expired. The motion, therefore, is untimely. Further, [Plaintiff] has never explained its reasons for the delinquent filing. Untimely discovery motions are disfavored and may be denied on this ground alone.

3
SUPPLEMENT TO DENNIS MONTOGEMERY'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

*Id.* citing *Rogers v. Brauer Law Offices, PLC*, 2011 U.S. Dist. LEXIS 93905, 12-15 (D. Ariz. Aug. 22, 2011), *supra*.

Defendants do not show any good cause as to why their motion was untimely, nor can they. Defendants simply waited, for nearly 3 weeks before filing their Motion to Compel. Since this motion was filed after the discovery deadline, and since there were no other motions pending before the end of the discovery deadline.

Given the circumstances, this Motion to Compel should respectfully be denied, as it was filed nearly three weeks after the close of discovery, and since no good cause was shown why the tardiness should be excused.

Dated: December 24, 2015

            Respectfully Submitted,

            */s/ Dennis Montgomery*
            675 NW 85th Ct. #103,
            Miami, Florida 33126

            Pro Se

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 24th day of December, 2015, a true and correct copy of the foregoing was served via CM/ECF or U.S. Mail upon the following:

Via CM/ECF:

Angela Galloway
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 757-8274
Fax: (206) 757-7274
E-mail: angelagalloway@dwt.com

By U. S. Mail:

Istvan Burgyan
4425 Issaquah Pine Lake Road Southeast
Apt. A31
Sammamish, WA 98075-6255

                                          */s/ Dennis Montgomery*
                                          Dennis Montgomery