1

The Honorable James L. Robart

2

3

4

5

6

7

8

9      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
10                   AT SEATTLE

11   DENNIS MONTGOMERY,

12                    Plaintiff,          No. 2:15-CV-01955-JLR

13        v.                              NOTICE OF SUPPLEMENTAL
                                          AUTHORITY IN SUPPORT OF
14   JAMES RISEN, HOUGHTON MIFFLIN        DEFENDANTS' MOTION TO
     HARCOURT PUBLISHING CO., HMH         COMPEL COMPLIANCE WITH
15   HOLDINGS, INC.,                      SUBPOENA

16                    Defendants.         *Hearing Date*: **Wednesday,**
                                          **February 3, 2016, at 10:00 a.m.**
17

18        Pursuant to LCR 7(n), Defendants bring the following supplemental authority to the

19   Court's attention, in support of their motion (Dkt. # 1) to compel third party Istvan Andras

20   Burgyan to produce documents and provide oral testimony in compliance with a subpoena.

21        On January 26, 2016, the court in the underlying litigation in Florida granted in part

22   Defendants' motion to dismiss or transfer.  Specifically, pursuant to 28 U.S.C. §1404(a), the

23   Court ordered the underlying action transferred from the Southern District of Florida to the

24   District Court for the District of Columbia.  The order further states that the remainder of

25   Defendants' motion to dismiss remains pending.

26        The order was entered in *Montgomery v. Risen et al.*, Case No. 15-CV-20782-

27   Martinez/Goodman, Dkt. # 247 (S.D. Fla. January 26, 2016).  A copy is attached.

NOTICE OF SUPPLEMENTAL AUTHORITY - 1
DWT 28801766v1 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    The underlying case now appears as *Montgomery v. Risen et al.*, Case No. 1:16-cv-

2    00126-RC (D.D.C., filed January 27, 2016).

3    DATED this 27th day of January, 2016.

4                                          Davis Wright Tremaine LLP
                                           Attorneys for Defendants
5

6                                          By /s/Eric M. Stahl
                                              Eric M. Stahl, WSBA #27619
7                                             1201 Third Avenue, Suite 2200
                                              Seattle, WA  98101-3045
8                                             Telephone: (206) 757-8148
                                              Fax: (206) 757-7148
9                                             E-mail: ericstahl@dwt.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF SUPPLEMENTAL AUTHORITY - 2
DWT 28801766v1 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington that on this day I caused a copy of the foregoing Motion to be served upon the following counsel of record:

| | | |
|---|---|---|
| Istvan Burgyan | (X) | By U. S. Mail |
| 4425 Issaquah Pine Lake Road Southeast | ( ) | By E-Mail |
| Apt. A31 | ( ) | By Facsimile |
| Sammamish, WA 98075-6255 | ( ) | By Messenger |

*Nonparty Respondent*

| | | |
|---|---|---|
| Larry Klayman | (X) | By U. S. Mail |
| KLAYMAN LAW FIRM | (X) | By E-Mail |
| 2520 Coral Way Suite 2027 | ( ) | By Facsimile |
| Miami, FL  33145 | ( ) | By Messenger |
| leklayman@gmail.com | | |

*Attorney for Plaintiff*

| | | |
|---|---|---|
| Brian Toth | (X) | By U. S. Mail |
| Sanford Lewis Bohrer | (X) | By E-Mail |
| HOLLAND & KNIGHT LLP | ( ) | By Facsimile |
| 701 Brickell Avenue, Suite 3300 | ( ) | By Messenger |
| Miami, Florida 33131 | | |
| sandy.bohrer@hklaw.com | | |
| brian.toth@hklaw.com | | |

*Attorney for Defendants*

DATED this 27th day of January, 2016.

Davis Wright Tremaine LLP

By ____Christine Kruger____

Christine Kruger
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: 206.757.8534
Fax: 206.757.7700
Email: christinekruger@dwt.com

NOTICE OF SUPPLEMENTAL AUTHORITY - 3
DWT 28801766v1 0096293-000009

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 15-20782-CIV-MARTINEZ-GOODMAN**

DENNIS L. MONTGOMERY,
     Plaintiff,

vs.

JAMES RISEN, *et al.*,
     Defendants.
_____/

## ORDER GRANTING MOTION TO TRANSFER

THIS CAUSE came before the Court Upon Defendants' Motion to Dismiss or Transfer for Lack of Personal Jurisdiction over Risen and Houghton Mifflin Harcourt Company, Dismiss Or Transfer For Improper Venue, Transfer Under 28 U.S.C. § 1404(a), Or Dismiss For Failure To State A Claim (the "Motion") [ECF No. 52]. Plaintiff has filed a response [ECF No. 63] and Defendants have filed a reply [ECF No. 77]. Defendants have also filed a notice of supplemental authority [ECF No. 119]. After careful consideration, and for the reasons set forth below, the court grants the motion to transfer pursuant to 28 U.S.C. § 1404(a).

Plaintiff sued Defendants for common law defamation per se (libel and slander), general defamation (libel and slander), defamation by implication (libel and slander), intentional infliction of emotional distress, tortious interference with prospective advantage, and assault. [ECF No. 44]. Plaintiff's claims are based on Defendant James Risen's book *Pay Any Price* (the "Book"). Chapter 2 of the Book (the "Chapter") focuses on Plaintiff.

In their Motion, Defendants assert, among other things, that this Court should transfer the action to the District of Columbia "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of transfer under § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against

unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Transfer is within "the broad discretion of the trial court." *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). Courts generally apply a two-part test: "(1) whether the action 'might have been brought' in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Id.* at 1299. Such factors "include the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of service of process to compel the presence of unwilling witnesses, the cost of obtaining the presence of witnesses, the public interest, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Id.* at 1300.

While focusing on the Southern District of Florida being a proper venue in his response to the Motion, Plaintiff does not appear to challenge Defendants' assertion that the District of Columbia is also a proper venue. In his Declaration attached to the Motion, Defendant Risen states that he conducted much of the newsgathering for the Chapter about Plaintiff in Washington, D.C. [ECF No. 52-1]. He notes that he interviewed sources located in the Washington, D.C. area. *Id.* Defendant Risen points out that many of the past and current government officials who have knowledge of Plaintiff, his intelligence information and his reputation, and who were either interviewed or otherwise referenced in the Chapter about Plaintiff, are currently, to the best of Defendant Risen's knowledge, located in or within a 100-mile radius of Washington, D.C. *Id.* Based on these representations, the Court agrees with Defendants that the District of Columbia is also a proper venue for this case, because a substantial part of the events or omissions giving rise to the claims occurred there. *See* 28 U.S.C. § 1391(b)(2); *Mesa Underwriters Specialty Ins. Co. v. Hembree Consulting Servs., Inc.*, 2015 WL 5826848, at *2 (S.D. Fla. Oct. 2, 2015) (venue can be proper in more than one district).

Defendants assert that the interests of justice and the convenience of witnesses and parties strongly support transfer. With respect to the convenience of the parties, Defendants argue that since they are all located outside Florida, they will be inconvenienced by being forced to litigate this case in Florida. [ECF No. 52 at 34]. Defendant Risen states that he resides in a Maryland suburb of D.C. and works for the *New York Times* in its D.C. bureau. [ECF No. 52-1]. Defendants note that, while Plaintiff claims that he is a Florida resident, facts revealed during discovery demonstrate that Plaintiff was, and is, domiciled in Washington State. [ECF No. 119]. Based on these points, the Court finds that the "convenience of the parties" factor weighs in favor to the District of Columbia. *See Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) ("where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper").

With respect to witnesses, Defendants argue that the convenience of third-party witnesses strongly favor transfer to the District of Columbia. Defendants point out that aside from Plaintiff and his wife, only four out of 48 of Plaintiff's other possible witnesses reside in Florida. [ECF No. 119, Exhibit 8]. Defendants further state that none of their witnesses are in Florida and most witnesses on the parties' lists are in subpoena range of the District of Columbia. [ECF No. 119, Exhibit 9]. Moreover, Defendants note that in response to an interrogatory to list all persons with "knowledge or information pertaining to any fact in the Amended Complaint or any fact underlying the subject matter of this action," Plaintiff listed 16 persons – not one of whom is in Florida, while 13 are in the District of Columbia area. [ECF No. 119 at 2]. Based on these assertions, the Court finds that the convenience of the witnesses, the relative ease of access to sources of proof, the availability of service of process to compel the presence of unwilling witnesses, and the cost of obtaining the presence of witnesses, weighs strongly in favor of the

District of Columbia.

The remaining factors do not alter the Court's conclusion that this case should be transferred to the District of Columbia. While the parties each present arguments regarding the public interest of their preferred venue, this factor does not tip the scales significantly for one venue over another. With respect to making the trial of the case easy, expeditious, and inexpensive, the Court finds that the District of Columbia is likely a better venue, because of the location of the parties and the witnesses.

In sum, the Court finds that the aforementioned factors strongly support transfer to the District of Columbia. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1.     Defendants' Motion to Dismiss or Transfer for Lack of Personal Jurisdiction over Risen and Houghton Mifflin Harcourt Company, Dismiss Or Transfer For Improper Venue, Transfer Under 28 U.S.C. § 1404(a), Or Dismiss For Failure To State A Claim [ECF No. 52] is **GRANTED in part**.

2.     The Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the District of Columbia.

3.     The Defendants' motion to dismiss for failure to state a claim [ECF No. 52] remains pending.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of January, 2016.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record